Amy L. Bennecoff Ginsburg (275805)
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Telephone: 215-540-8888
Facsimile: 215-540-8817
aginsburg@creditlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARITA QUIROZ, <br><br> Plaintiff, <br><br> v. <br><br> CAPITAL ONE BANK (U.S.A.), N.A., <br><br> Defendant. | Case No.: <br><br> COMPLAINT FOR DAMAGES <br> 1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, <br> 2. .47 U.S.C. §227 ET. SEQ.; <br><br> JURY TRIAL DEMANDED |

# COMPLAINT

MARGARITA QUIROZ ("Plaintiff"), by and through her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against CAPITAL ONE BANK (U.S.A.), N.A. ("DEFENDANT"):

# INTRODUCTION

1.  Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. §227.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. <u>See</u> <u>Mims v. Arrow Fin. Services, LLC</u>, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3.  Defendant regularly conducts business in the State of California, thus, personal jurisdiction is established.

4.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5.  Plaintiff is a natural person residing in Salinas, California 93906.

6.  Plaintiff is a "person" as that term is defined by 47 U.S.C. §153(39).

7.  Defendant is a corporation with its principal place of business located at 1680 Capital One Drive, McLean, Virginia 22102.

8.  Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

9.  Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone as a cellular telephone.

12. Beginning in June 2015 and continuing thereafter, Defendant called Plaintiff on her cellular telephone multiple times per day.

13. When contacting Plaintiff on her cellular telephone, Defendant used an automatic telephone dialing system.

14. The automated calls would began with a discernible ten to fifteen seconds delay before calls were transferred to representatives.

15. Defendant's telephone calls were not made for "emergency purposes;" rather, Defendant was calling to collect a $500 account balance owed by Plaintiff's husband.

16. In July 2015, Plaintiff spoke with Defendant's representatives and requested that their repeated calls stop immediately.

17. Thereafter, Defendant ignored Plaintiff's revocation and call her cellular telephone number multiple times daily.

18. Plaintiff was aware that Defendant was calling her because she spoke to male and female representatives who identified their company name during calls.

19. These calls were aggravating and annoying for Plaintiff, particularly since many of these calls were made during times when she was at work.

20. Plaintiff received silent voice messages from Defendant where she could hear the caller hang up at the conclusion of the messages.

21. After Plaintiff's repeated requests to stop calling were ignored by Defendant, she took measures to block their calls by downloading a blocking application.

22. Upon information and belief, Defendant's business practices violate the Telephone Consumer Protection Act.

## **DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT**

23. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

24. Defendant initiated automated calls to Plaintiff using an automatic telephone dialing system.

25. Defendant's calls to Plaintiff were not made for emergency purposes.

26. Defendant's calls to Plaintiff, on and after July 2015, were not made with Plaintiff's prior express consent.

27. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

28. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

29. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and treble damages.

WHEREFORE, Plaintiff, MARGARITA QUIROZ, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. § 227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. § 227(b)(3)(B);

    c. Treble damages of $1,500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Injunctive relief pursuant to 47 U.S.C. § 227(b)(3);

    e. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MARGARITA QUIROZ, demands a jury trial in this case.

                                                         Respectfully submitted,

DATED: October 27, 2016        By: /s/ Amy Lynn Bennecoff Ginsburg
                                                 Amy Lynn Bennecoff Ginsburg, Esq. (275805)
                                                 Kimmel & Silverman, P.C.
                                                 30 East Butler Pike
                                                 Ambler, PA 19002
                                                 Telephone: (215) 540-8888
                                                 Facsimile (215) 540-8817
                                                 Email: aginsburg@creditlaw.com
                                                 Attorney for Plaintiff